FRANK M. MICHON v. THE STATE.

Criminal Law — Repeal of Statute Under Which Conviction Was Had — Abatement.

In a criminal prosecution where the law under which the defendant was prosecuted and convicted in the Circuit Court is repealed by the Legislature while the cause is pending in the Supreme Court and before final action is had, the prosecution must abate.[1]

Appellant, Frank M. Michon, was indicted for unlawfully selling spirituous liquors in a greater quantity than one pint without obtaining a license. He was tried and convicted at the October term, 1883, of the Circuit Court of Harrison county and sentenced to pay a fine and appealed to the Supreme Court. Before the cause was finally disposed of in the Supreme Court the Legislature repealed the law under which he was convicted. The opinion of the court contains a further statement of the facts.

APPEALED from Circuit Court, Harrison county, S. H. TERRAL, Judge.

---

[1]
After the expiration or repeal of a law, no penalty can be enforced or punishment inflicted for a violation of it, committed whilst it was in operation, unless some special provision be made for that purpose by the repealing statute. Teague's Case, 39 Miss. 516.

Where there has been a charge or repeal of the law applicable to the rights of parties after rendition of a judgment and pending an appeal, if vested rights are not affected or the Constitution does not forbid, the case must be decided in the appellate court according to the then existing law; and, although the case may have been wrongly decided in the lower court, if the decision is in conformity with the law as changed, the judgment will not be reversed. Musgrove v. Railroad Co., 50 Miss. 677; Somerville v. Mayes, 54 Miss. 31.

The repeal, without any saving, of article 17, page 388, Code 1857, in relation to equitable defenses in ejectment took away the right to interpose such defense, even in a pending case. Rice v. Wright, 46 Miss. 679.

Prosecution abated, March 10, 1884.

*Attorney for appellant, R. Seal.*

*Attorney for the State, T. C. Catchings, Attorney-General.*

Brief for appellee:

The defendant was indicted, tried, and convicted in the Circuit Court of Harrison county, Mississippi, upon a charge that the said Michon, on the 1st day of January, 1882, did unlawfully sell spirituous liquors in greater quantity than one pint without having first paid the tax and without having obtained a license to sell in a less quantity than one pint.

The appellant was entitled to an acquittal for the reason that the statute under which he was indicted was repealed by the statute of 1882 before defendant was tried. It is settled by authority that after the operation of the repeal of the law no penalty can be enforced for a violation of the law while it was in force unless otherwise provided in the repealing act. Teague *v.* The State, 39 Miss. 516, and authorities cited.

The court erred in permitting the question to be propounded to witness Bond to say whether defendant had a license or not. The best evidence was the license.

The court erred in overruling defendant's motion for a new trial. It is very clear that the State failed to prove defendant guilty under the indictment, and because the statute under which he was indicted had been repealed before the trial.

Act February 2, 1890, authorizing action by revenue agents against persons selling liquors without a license to recover the privilege tax, was repealed by Code 1892, chap. 116, which did not provide for saving existing rights. *Held*, that another provision of the Code saving " existing rights," which did not take effect until several months later, did not preserve actions for the sale of liquors prior to the passage of the repealing act. Adams *v.* Fragiacomo, 71 Miss. 417, 15 So. 798.

Where a statute is evidently intended to revise the whole subject treated in a former statute, and to be a substitute therefor, it repeals such former statute, and though there may be a plain *casus omissus*, the courts cannot supply it. Clay Co. *v.* Chickasaw Co., 64 Miss. 534, 1 So. 753.

After a statute regulating the sale of intoxicating liquors has been repealed, no penalty can be enforced, or punishment inflicted, for a violation of its provisions, committed while it was in operation, unless provision be made for that purpose. Wheeler *v.* State, 64 Miss. 462, 1 So. 632.

Brief for appellee:

The indictment was drawn under section 1112 of the Code, which provides that " if any person, without having first paid the privilege tax, and having obtained license accordingly, shall sell any vinous or spirituous liquor, in the quantity of one pint or in a greater quantity," etc., he shall be subject to indictment.

The Act of 1882 repealed the pint law and does not provide in terms for the punishment of offenses theretofore committed against it, and it is claimed that no punishment can now be inflicted for such offenses. The rule contended for is accepted by the great weight of authority and has been approved in this State. But does it apply to this case? The Act of 1882 repeals the pint law and substitutes the word " gallon " wherever the word " pint " appears in sections 1097, 1098, 1103, 1108, and 1109 of the Code of 1880, but it does not affect section 1112 under which this indictment was framed.

Manifestly that section was left intact for the very purpose of preserving the right to prosecute offenses which had been committed against the pint law. The offense was still subject to prosecution although the pint law was no longer in existence.

Again, a person having license to sell less than one pint might have sold in a greater quantity. By the Act of 1882 only two licenses could be issued; one to sell less than one gallon and the other more than five gallons. It was never intended to say that persons might sell between one gallon and five gallons. There was no intention to change the law as to this. The only change was to make the license different. From this the court may infer that there was no intention by the Act of 1882 to condone previous offenses, and this must appear before the rule invoked can apply.

There was no error in permitting witness Bond to testify that no license had been issued to defendant. He had the license himself and, therefore, the State could not produce it. However it was not necessary that the State should make any proof upon this point as has been repeatedly decided.

Opinion.— Cooper, J., delivered the opinion of the court:

Notwithstanding the amendments to sections 1097, 1098, 1103, 1108, and 1109 of the Code of 1880 by the Act of 1882, by which the word " pint " wherever it occurred in said sections was changed to " gallon," it yet remained a criminal offense by sec-

tion 1112 of the Code to sell vinous and spirituous liquors in quantities of one pint or more without first paying the privilege tax for so doing. This section remained unamended and the offense there declared remained an offense notwithstanding the fact that by the amendments to the other sections no privilege could be obtained so to sell. The appellant was, therefore, rightly convicted.

But on the 4th day of the present month (since this case has been submitted for decision) an act of the Legislature has been passed and approved whereby the word "pint" in section 1112 has been stricken out and the word "gallon" inserted in lieu thereof.

This is a repeal of the law creating the offense for which the appellant has been convicted, and the law being repealed the prosecution must abate.

Ordered accordingly.